HELEN LOWNEY *vs.* FLORENCE KNOTT.

AUGUST 3, 1956.

PRESENT: Flynn, C.J., Condon, Roberts and Paolino, JJ.

FLYNN, C. J. In the above-entitled case, pursuant to our opinion heretofore filed, 83 R. I. 505, the defendant through her attorney appeared to show cause why the case should not be remitted to the superior court for entry of judgment for the plaintiff as therein directed. In addition to oral argument he has filed a memorandum brief in which the cases cited in our opinion are reviewed in an effort to show in effect that we misconceived or misapplied the law in the circumstances of the instant case.

The defendant does not seriously dispute that those cases support the general rule of law that in a *commodatum* or gratuitous bailment for an indefinite period the statute of limitation will not begin to run until a demand and refusal have been made, or until the wrongful conversion comes to the notice or knowledge of the bailor. But it is contended that all those cases involved only a bailor plaintiff and a bailee defendant and therefore should be distinguished from the instant case, where the action is brought by the bailor against a third person who received possession of the chattel from the bailee. However, no case has been cited which in the circumstances here would take a bailment of this type out of such general rule and we have found none.

Apparently defendant misconceives the chief purpose of those citations, which was to show the essential nature of a gratuitous bailment for an indefinite period and the gen-

eral rule of common law applying to such type of bailment which ordinarily requires a demand and refusal to constitute a conversion. Moreover, she overlooks what was pointed out in our opinion either directly or by implication, namely, that on the undisputed evidence the tortious act of the bailee and defendant's innocently acquired possession were both secret and entirely without the knowledge or notice of plaintiff; that the bailee had no ownership or right to transfer the possession of the ring, although defendant might well have presumed otherwise; and that she "of course acquired no right, title or interest thereto as a result of such wrongful act." *Lowney* v. *Knott,* 83 R. I. 505, 120 A.2d 552, 555.

Before an action for conversion accrued to plaintiff against the bailee, a demand and refusal was required by the nature and express terms of the bailment, unless plaintiff had prior knowledge or notice of the wrongful conversion. The trial justice found that plaintiff had no such knowledge or notice. Therefore the statute of limitation would not begin to run as to the bailee until there was a demand and refusal.

Why a different rule should be applied to defendant in the circumstances here has not been convincingly shown. Her possession was essentially tied to and was dependent upon the nature of the possession of the bailee, whose tortious act was not known to either plaintiff or defendant. In the circumstances there was nothing distinctly tortious as to her possession which would entitle it to greater benefits or status than the possession of the bailee. Unless defendant also performed some distinct and positive act amounting to the exercise of dominion over the ring in a way that was necessarily in exclusion or defiance of plaintiff's right of ownership, there would be no conversion on her part until demand and refusal. Where a person, as here, innocently receives mere possession of a chattel from another who apparently had rightful possession and simply holds it without herself exercising any distinct and affirmative dominion

over it in contravention of the owner's right of ownership, such demand and refusal at common law is not mere evidence of conversion but constitutes the conversion itself. *Claflin* v. *Gurney,* 17 R. I. 185. To the same effect see *Nestle-Lemur Co.* v. *Corrigan,* 60 R. I. 312, 317; *Terrien* v. *Joseph,* 73 R. I. 112, 115. See also 34 Am. Jur., Limitation of Actions, §134, p. 108.

In our view no such positive tortious act or exercise of dominion by defendant appears in the record. The defendant did nothing distinctly and positively tortious in regard to the chattel, such as changing the setting which was for a man's ring, or otherwise affirmatively exercising dominion over it in a way which only an owner would have the right to do and which was necessarily in contravention of the plaintiff's right of ownership. Indeed the defendant simply held the ring and even intended to return it to the bailee in a certain eventuality. In the peculiar circumstances her conduct was entirely negative and she had a bare possession which amounted in effect to mere custody for the bailee. For the above-mentioned reasons, which were expressed or implicit in our opinion, we held in substance and effect that the action here against defendant did not mature until a demand and refusal had been made, and therefore the statute of limitation did not begin to run in favor of the defendant before that time.

After a re-examination of the cases referred to and the arguments of the defendant, we are of the opinion that for the reasons stated no cause has been shown why judgment should not be entered for the plaintiff, and the case therefore is remitted to the superior court for entry of judgment in accordance with the opinion.

*Quinn & Quinn, Joseph R. Weisberger,* for plaintiff.

*Charles H. Drummey, Albert A. Nutini,* for defendant.